UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANTONIO NARVAEZ RAMIREZ, A-240-552-922,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILIY, et al.,<br><br>Respondents. | No.  1:26-cv-02982-DC-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF Nos. 1, 14.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his verified petition for writ of habeas corpus, petitioner alleges that he is a citizen of Columbia who is currently detained by respondents pending immigration removal proceedings. ECF No. 14 ¶¶ 5-6.  On an unknown date, he entered the United States and, at some point, filed an application for asylum.  *Id*. ¶¶ 28-33 & Exs. C, D. That application was deemed properly filed by the Department of Homeland Security (DHS) and petitioner was granted employment authorization.  *Id*. ¶¶ 28-33 & Exs. D, E.  Per petitioner, at some point after his entry into the

1

United States, he was detained by DHS, then released; he then settled in Florida, where he has established a residence, become employed, and maintained ties to his family. *Id*. ¶¶ 28-41 & p. 8. On March 3, 2026, he was arrested by Immigration and Customs Enforcement (ICE) at his home and remains currently detained. *Id*. ¶¶ 42-52. He was not given notice or opportunity to be heard by a neutral decisionmaker prior to his arrest and, since his arrest, he has not been given a bond hearing nor has a neutral decisionmaker otherwise found that petitioner's present detention is justified because he is a flight risk or danger to the community. *Id*. ¶¶ 45-60. Respondents have initiated removal proceedings against petitioner, but a final removal order has not issued. *Id*. ¶¶ 21-27.

In their response, respondents do not dispute petitioner's factual allegations, including that, prior to his current detention petitioner had previously been detained then released by DHS. ECF Nos. 5, 15.

### B. Procedural Background

Petitioner initiated this action in propria persona on April 20, 2026, ECF No. 1, and respondents filed an answer on April 23, 2026. ECF No. 5. On May 4, 2026, the undersigned sua sponte ordered counsel be appointed and enjoined respondents from transferring petitioner to a different detention facility while the instant proceeding remains pending. ECF No. 6. Counsel for petitioner was appointed on May 11, 2026. ECF No. 7. On May 13, 2026, petitioner filed a reply to respondents' answer, ECF No. 9, and, on May 17, 2026, he moved to amend the petition. ECF No. 11. The undersigned granted the motion, ECF No. 13, and petitioner filed an amended petition for writ of habeas corpus, on May 21, 2026. ECF No. 14. On May 27, 2026, respondents submitted the matter on their previously-filed answer. ECF No. 15.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner raises five claims for relief.  He alleges that his current detention is unlawful under the Immigration and Nationality Act (INA), insofar as he is detained in violation of the process established in 8 U.S.C. § 1226 (claim one) and insofar as he is wrongly detained under 8 U.S.C. § 1225 (claim two).  He also alleges that his rights to due process under the Fifth Amendment were violated by his detention without a pre-deprivation hearing (claim three) and continue to be violated by his on-going detention without a bond hearing (claim four).  Finally, he claims that his due process rights have been violated by respondents' impeding his access to counsel and to the courts (claim five).   Respondents argue that petitioner was lawfully arrested under 8 U.S.C. § 1225(b)(2), and that this section's application to petitioner defeats his due process and statutory claims.  ECF Nos. 5, 15.  The undersigned finds that petitioner has demonstrated that his current detention violates the INA and his procedural due process rights and recommends the petition be granted.

### 1. Violation of the Immigration and Nationality Act

In his first and second claims for relief, petitioner alleges that his current detention is unlawful under the INA.  *See* ECF No. 14 ¶¶ 73-89.  The thrust of petitioner's argument is that, because he had previously entered the United States and was detained by DHS, then released under supervision while his asylum application was pending, his current detention pending the finalization of his removal proceeding is governed by 8 U.S.C. § 1226(a).  *Id*.  Respondents counter that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(a), thus subjecting him to the mandatory detention provision codified at 8 U.S.C. § 1225(b)(2).  ECF Nos. 5, 15.

Respondents' position is unpersuasive.  As many courts have already concluded, respondents' argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases).  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).

3

Respondents urge that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have entered in the United States and have resided in the interior United States for a considerable length of time, at the time they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Gomez v. Warden*, No. 2:26-CV-01003-DAD-DMC, 2026 WL 880012, at *2 (E.D. Cal. Mar. 31, 2026); *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-CV-00739-DAD-EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Wasef v. Chestnut*, No. 1:26-CV-01078-DAD-JDP (HC), 2026 WL 392389, at *1 (E.D. Cal. Feb. 12, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a). *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36.  As such, he was entitled to receive a bond hearing before his redetention, *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 CFR §§ 236.1(d)(1)), and, during his detention, he is entitled to a custody redetermination hearing before an Immigration Judge at which he shall be released if he can show he is not a danger to the community or flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); 8 C.F.R. §§ 236.1(d)(1), 1003.19.  By depriving petitioner of these statutory entitlements, respondents have violated his rights under the Immigration and Nationality Act.  *See, e.g.*, *Rodriguez*, 802 F. Supp. 3d at 1324-36; *Lepe*, 801 F. Supp. 3d 1104; *Lopez v. Cruz*, No. 1:26-CV-00514 DAD SCR, 2026 WL 392346, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026).  On his first and second claims for relief, therefore, petitioner has demonstrated his entitlement to habeas

corpus relief and the undersigned recommends the writ be granted.

## 2. Violation of Right to Due Process

Petitioner has also demonstrated his entitlement to relief on his third and fourth claims, in which he alleges that his right to due process under the Fifth Amendment have been violated by respondents' detention of him without a pre-deprivation bond hearing and by their ongoing detention of him without a bond hearing. ECF No. 14 ¶¶ 38-40. The undersigned concludes petitioner has demonstrated his entitlement to relief on this claim by a preponderance of evidence.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law. Noncitizens subject to mandatory detention are not without due process rights. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest. *Id*. Here, at the first step, it is unquestionable that petitioner has a liberty interest that is cognizable under the due process clause. *See*, *e.g.*, *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

At the second step of the analysis, the court must determine whether detention violates a petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due by weighing: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the

probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States, he has developed "enduring attachments of normal life," including familial connections and employment, legally indistinguishable from those experienced by a criminal parolee. *See* ECF No. 14 ¶¶ 34-39; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to

6

be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the third and fourth claims of his petition.  The undersigned therefore recommends that petitioner be ordered released and respondents be ordered that any redetention of petitioner, prior to the finalization of a removal order, may only occur in the manner proscribed by 8 U.S.C. § 1226(a) and its implementing regulations.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 14) be GRANTED;

2) Respondents be ORDERED to release petitioner, Hector Antonio Narvaez Ramirez (A-240-552-922) immediately;

3) Respondents be ORDERED that, should they seek to re-detain petitioner prior to his removal order becoming final, such redetention must comply with 8 U.S.C. § 1226(a) and its implementing regulations;

4) Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

5) The Clerk of Court be directed to serve the District Court's order on the California City Detention Facility; and

6) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE