UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANTONIO NARVAEZ RAMIREZ, A-240-552-922,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILIY, et al.,<br><br>Respondents. | No.  1:26-cv-02982-DC-EFB (HC)<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 15, 17) |

Petitioner is a federal immigration detainee who filed this amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 14.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 22, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notices that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 17.) On June 22, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 18.) In their objections, Respondents merely state, "[f]or the reasons stated in their previous briefing, Respondents object to the findings and recommendations." (*Id.*) However, those arguments were addressed and rejected by the Magistrate Judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the

1

government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 22, 2026 (Doc. No. 17), are ADOPTED;

2. Petitioner Hector Antonio Narvaez Ramirez's (A-240-552-922) amended petition for a writ of habeas corpus (Doc. No. 14) is GRANTED on counts 3 and 4;

3. Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner;

4. Respondents are ORDERED that, should they seek to re-detain Petitioner prior to his removal order becoming final, Respondents must comply with 8 U.S.C. § 1226(a) and its implementing regulations;

5. Petitioner's request for attorney's fees and costs (Doc. No. 14) is DENIED without prejudice to bringing a properly noticed and supported motion;

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and

Petitioner receives notice of that final order of removal;

7. Respondents' request to submit on previous filing (Doc. No. 15) is DENIED as having been rendered moot by this order;

8. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

9. The Clerk of the Court is directed to enter judgment in favor of Petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

Dena Coggins
United States District Judge